UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cv-204-FDW-DSC

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor,<br>United States Department of Labor<br><br>Plaintiff,<br><br>vs.<br><br>TERRY KING, JERRY E. KING,<br>RICHARD GERMAN, J & T UTILITY<br>CONSTRUCTION, INC. f/k/a Floyd King<br>& Sons, Inc., J & T UTILITY<br>CONSTRUCTION INC. PROFIT<br>SHARING PLAN f/k/a Floyd King & Sons,<br>Inc. Profit Sharing Plan<br><br>Defendants. | CONSENT JUDGMENT AND<br>ORDER |

Plaintiff, Secretary of Labor, United States Department of Labor, pursuant to her authority under Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., ("ERISA") has filed a Complaint against Defendants Terry King, Jerry King, Richard German, J & T Utility Construction, Inc. f/k/a Floyd King & Sons, Inc., and the J & T Utility Construction, Inc. Profit Sharing Plan f/k/a Floyd King & Sons, Inc. Profit Sharing Plan ("Defendants"). Defendants and the Secretary have agreed to resolve all matters in controversy in this action, and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

A. The Secretary's Complaint alleges that Defendants breached their fiduciary duties with respect to the J & T Utility Construction, Inc. Profit Sharing Plan f/k/a Floyd King & Sons, Inc. Profit Sharing Plan (the "Plan") by violating provisions of sections 404 and 406 of ERISA, 29 U.S.C. § 1104 and 1106, as set forth in the Complaint.

B. Defendants admit to the jurisdiction of the Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

C. Defendants waive any and all claims of whatsoever nature that they have or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

D. This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendants. This Order is not binding upon any government agency other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendants

E. The Secretary and Defendants expressly waive Findings of Fact

and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the entry of this Order as a full and complete resolution of all claims and issues which were alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED ADJUDGED AND DECREED** that:

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendants are permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3. Defendants are permanently enjoined from acting as a fiduciary, trustee, agent, or representative in any capacity to any employee benefit plan, as defined by ERISA.

4. If losses to the Plan participants are not otherwise restored to all participants who participated in the Plan as of the end of Plan Year 2006 (as of December 31, 2006) and who are capable of being located in accordance with EBSA Field Assistance Bulletin 2004-02, Terry King, Jerry King, Richard German, and J & T Utility Construction, Inc., agree that they are jointly and severally liable to restore losses to the Plan participants, based on their share of total Plan assets as of the end of Plan Year 2006, totaling up to $152,612.44 (which includes lost interest).

5. The payment of $152,612.44 may be reduced by amounts waived in writing by named fiduciaries to the Plan (Terry King, Jerry King) if said fiduciaries knowingly and voluntarily waive their right to receive a portion of this payment. Any such amounts that are waived shall be determined by using the fiduciary's percentage or share of total Plan assets as a participant of the Plan as of the end of Plan Year 2006 (as of December 31, 2006). Any such waiver shall supersede the rights and benefits bestowed to the fiduciary/participant by Plan documents and shall include a spousal waiver of said rights and benefits if the fiduciary/participant is married or was married at the relevant times.

6. The parties acknowledge that the Secretary is required to assess a civil penalty pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l), on the payment of any monies that are restored to the Plan. The penalty under Section 502(l) is equal to 20 percent of the "applicable recovery amount" as that term is defined by ERISA. The parties agree that the "applicable recovery amount" is the amount specified in paragraph 4 above, less any amounts waived as set forth in Paragraph 5 above. Defendants may also seek and obtain a waiver or reduction of a penalty assessed under Section 502(l), pursuant to 29 C.F.R. § 2570.85.

7. This Consent Judgment resolves all claims set forth in the Plaintiff's Complaint with the following exceptions:

a. This Judgment does not adjudicate or otherwise affect any potential civil money penalties that may be assessed under Section 502 of the Act, except as specifically addressed in this Judgment.

b. This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

c. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

8. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

IT IS SO ORDERED.

Signed: April 28, 2011

Frank D. Whitney
United States District Judge

CONSENTED TO BY:

FOR PLAINTIFF:

| | |
|---|---|
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA 30303<br>(404) 302-5435 (phone)<br>(404) 302-5438 (fax) | M. PATRICIA SMITH<br>Solicitor of Labor<br><br>STANLEY E. KEEN<br>Regional Solicitor<br><br>ROBERT M. LEWIS, JR.<br>Counsel<br><br>By:s/Angela F. Donaldson<br>  Angela F. Donaldson<br>  Senior Trial Attorney<br>  (404) 302 – 5451 (direct)<br>  Donaldson.Angela@dol.gov<br><br>Office of the Solicitor<br>U. S. Department of Labor<br>Attorneys for Plaintiff. |

**FOR TERRY F. KING:**

By: *s/Terry F. King*          Dated: April 28, 2011

Address:    4901 Winding Lane
               Indian Trail, NC 28079
Phone:      (704) 821-7831

**FOR JERRY R. KING, J & T UTILITY CONSTRUCTION, INC., F/K/A FLOYD KING & SONS, INC., and J & T UTILITY CONSTRUCTION, INC. PROFIT SHARING PLAN F/K/A FLOYD KING & SONS, INC. PROFIT SHARING PLAN:**

By: *s/Jerry R. King*          Dated: April 28, 2011

Address:    2228 Highway 102
               Chesterfield, SC 29709
Phone:      (843) 623-6696

**FOR RICHARD E. GERMAN:**

By: *s/Richard E. German*          Dated: April 28, 2011

Address:    2019-A Van Buren Avenue
               Indian Trail, NC 28079
Phone:      (704) 882-1123